# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION (DAYTON)

| | | |
|---|---|---|
| BARRY COSTA | ) | CASE NO. |
| 3908 State Route 49 | ) | |
| Arcanum, Ohio 45304 | ) | JUDGE: |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT FOR DAMAGES** |
| | ) | **AND INJUNCTIVE RELIEF** |
| LOWE'S HOME CENTERS, LLC | ) | |
| 1605 Curtis Bridges Road | ) | **JURY DEMAND ENDORSED** |
| Wilkesboro, North Carolina | ) | **HEREIN** |
| | ) | |
| **Serve also:** | ) | |
| CORPORATION SERVICE | ) | |
| COMPANY | ) | |
| Statutory Agent | ) | |
| 50 West Broad Street | ) | |
| Suite 1330 | ) | |
| Columbus, Ohio 43215 | ) | |
| | ) | |
| CHRISTINA MCDANIEL | ) | |
| 1550 Wagner Avenue | ) | |
| Greenville, OH 45331 | ) | |
| | ) | |
| TIFFANY THOMPSON | ) | |
| 1550 Wagner Avenue | ) | |
| Greenville, OH 45331 | ) | |
| | ) | |
| -and- | ) | |
| | ) | |
| AMARA LARSON | ) | |
| 1550 Wagner Avenue | ) | |
| Greenville, OH 45331 | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, Barry Costa, by and through undersigned counsel, as his Complaint against the Defendants, states and avers the following:

**PARTIES AND VENUE**

1. Costa is a resident of the village of Arcanum, county of Darke, state of Ohio.

2. Lowe's Home Centers, LLC ("Lowe's") is a foreign limited liability company, organized under the laws of North Carolina and headquartered in Wilkesboro, North Carolina.

3. Upon information and belief, Christina McDaniel is a resident of the state of Ohio.

4. Upon information and belief, Tiffany Thompson is a resident of the state of Ohio.

5. Upon information and belief, Amara Larson is a resident of the state of Ohio.

6. At all times herein, Costa was acting in the course and scope of his employment.

7. At all times herein, McDaniel was acting in the course and scope of her employment.

8. At all times herein, Thompson was acting in the course and scope of her employment.

9. At all times herein, Larson was acting in the course and scope of her employment.

10. McDaniel is and, at all times hereinafter mentioned, was an individual who was a manager and/or supervisor at Lowe's and who acted directly or indirectly in the interest of the Lowe's in relation to its employees, and is an employer within the meaning of the Americans with Disability Act ("ADA") 42 U.S.C. § 12101, and/or O.R.C. § 4112.01 *et seq.*

11. Thompson is and, at all times hereinafter mentioned, was an individual who was a manager and/or supervisor at Lowe's and who acted directly or indirectly in the interest of the Lowe's in relation to its employees, and is an employer within the meaning of the Americans with Disability Act ("ADA") 42 U.S.C. § 12101, and/or O.R.C. § 4112.01 *et seq.*

12. Larson is and, at all times hereinafter mentioned, was an individual who was a manager and/or supervisor at Lowe's and who acted directly or indirectly in the interest of the Lowe's in relation to its employees, and is an employer within the meaning of the Americans with Disability Act ("ADA") 42 U.S.C. § 12101, and/or O.R.C. § 4112.01 *et seq.*

13. All of the material events alleged in this Complaint occurred in the county of Darke, state of Ohio.

## JURISDICTION & VENUE

14. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Costa is alleging a Federal Law Claim under the The Americans with Disabilities Act ("ADA") 42 U.S.C. 126 § 12101, *et seq.*

15. All material events alleged in this Complaint occurred in county of Darke, state of Ohio.

16. This Court has supplemental jurisdiction over Costa's state law claims pursuant to 28 U.S.C. § 1367 as Costa's state law claims are so closely related to his federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

17. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

18. Within 300 days of the conduct alleged below, Costa filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 473-2019-00511 against Lowe's operating at Greenville, Ohio.

19. On or about February 13, 2019, the EEOC issued and mailed a Notice of Right to Sue letter to Costa regarding the Charges of Discrimination brought by Costa against Lowe's in EEOC Agency Charge No. 473-2019-00511.

20. Costa received his Right to Sue letter from the EEOC in accordance with 42 U.S.C. 126 § 12101 *et seq.* - which has been attached hereto as Plaintiff's Exhibit A.

21. Costa has filed this Complaint within 90 days of the issuance of the Notice of Right to Sue letter.

22. Costa has properly exhausted his administrative remedies pursuant to 29 C.F.R. § 1601.28.

## FACTS

23. Costa is a former employee of Lowe's.

24. At all relevant times, McDaniel was Assistant Store Manager at Lowe's.

25. At all relevant times, Thompson was Store Manager at Lowe's.

26. At all relevant times, Larson was Area Human Resources Manager at Lowe's.

27. In or about January 2018, Costa began working as a customer service associate at Lowe's.

28. Prior to August 2018, Costa received positive performance reviews from management and customers.

29. In or around August 2018, Costa made a verbal report to Julia Crosby in the human resources department ("HR") that he believed that McDaniel and Thompson were improperly and/or fraudulently discounting items for purchase at Lowe's ("Verbal Report").

30. In or around August 2018, after the Verbal Report, McDaniel took Costa's personal cell phone without Costa's permission.

31. In or around August 2018, McDaniel told Costa that she had taken Costa's cell phone as "a game."

32. Costa told McDaniel that he did not appreciate her taking his cell phone.

33. McDaniel told Costa later told Costa that she was confiscating his phone because he was using it while he was supposed to be working.

34. Many of Costa's coworkers, including McDaniel herself, used their cells phones while they were working.

35. No employees other than Costa had their cell phones confiscated.

36. McDaniel confiscated Costa's cell phone in retaliation for Costa's making the Verbal Report.

37. After Costa made the Verbal Report, Costa made a written report to HR, addressed to Larson, on August 15, 2018 ("Written Report").

38. The Written Report is attached as Plaintiff's Exhibit B.

39. In the Written Report, Costa reported that McDaniel and Thompson were improperly and/or fraudulently discounting items for purchase at Lowe's.

40. In the Written Report, Costa reported that McDaniel had confiscated his cell phone.

41. After Costa made his Written Complaint, McDaniel began consistently scheduling Costa to work on weekends.

42. McDaniel did not schedule employees other than Costa for back-to-back weekend shifts.

43. McDaniel scheduled Costa for back-to-back weekends in retaliation for making the Written Report.

44. On or about September 5, 2018, Thompson told Barry that he needed to "keep [his] mouth shut. . . be a team player. . . and stop sending emails to HR."

45. Costa is obese and has associated physiological conditions, including joint pain, high blood pressure, and high cholesterol.

46. Costa is unable to stand for an extended period of time without experiencing sharp pain in his ankles.

47. As a result of his obesity and related medical conditions, Costa is and was considered disabled within the meaning of the ADA.

48. In the alternative, Defendants perceived Costa to be disabled within the meaning of the ADA.

49. On or about September 5, 2018, Costa requested that he be allowed to sit in a cushioned chair on a cushioned mat ("Chair Accommodation Request").

50. Costa made the Chair Accommodation Request because he was unable to stand for extended periods of time.

51. The Chair Accommodation Request was a request for reasonable accommodation within the meaning of the ADA.

52. On or about September 5, 2018, McDaniel denied the Chair Accommodation Request.

53. On or about September 5, 2018, McDaniel said that granting the Chair Accommodation Request would create a "safety hazard."

54. Defendants allowed a different employee to sit in a cushioned chair on a cushioned mat (the "Other Chair" and "Other Mat").

55. The Other Chair was identical to the chair Costa requested in his Chair Accommodation Request.

56. The Other Mat was identical to the mat Costa requested in his Chair Accommodation Request.

57. The Other Chair and Other Mat were within plain view of Costa's work station.

58. Costa complained to HR that McDaniel had disapproved his Chair Accommodation Request.

59. Costa sent photographs of the Other Chair and Other Mat to HR.

60. Defendants did not approve Costa's Chair Accommodation Request.

61. Defendants did not remove the Other Chair and Other Mat.

62. On or about October 1, 2018, McDaniel informed Costa that he needed to have a one-on-one meeting with her to go over the Lowe's employee procedures ("Red Vest Training").

63. On or about October 2, 2018, McDaniel made a false report to HR that Costa had sexually harassed her during the Red Vest Training (the "False Report").

64. McDaniel made the False Report in retaliation for Costa's Written Report.

65. In the alternative, McDaniel made the False Report in retaliation for Costa's Verbal Report.

66. In the alternative, McDaniel made the False Report in retaliation for Costa's Chair Accommodation Request.

67. In the alternative, McDaniel made the False Report because of Costa's disability and/or perceived disability.

68. In the alternative, McDaniel made the False Report in retaliation for Costa's opposing disability discrimination.

69. On or about October 5, 2018, Larson informed Costa that Lowe's was terminating Costa's employment.

70. On or about October 5, 2018, Larson told Costa that he was being terminated because he did not "fit with Lowe's culture."

71. Defendants did not provide a legitimate business justification for Costa's termination.

**COUNT I: DISABILITY DISCRIMINATION UNDER O.R.C. § 4112.01 *et seq.***

72. Costa restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

73. Costa was disabled within the meaning of Ohio R.C. §4112.01, et seq.

74. Defendants knew of Costa's disability.

75. Despite Costa's disability, he was qualified for his position, and was able to successfully perform the essential functions of his job with or without reasonable accommodations.

76. Defendants treated Costa differently than other similarly-situated employees based on his disabling condition.

77. Defendants treated Costa differently than other similarly-situated employees based on his perceived disabling condition.

78. On or about October 5, 2018, Defendant terminated Costa's employment without just cause.

79. Defendants terminated Costa's employment based his disability.

80. Defendants terminated Costa's employment based his perceived disability.

81. Defendants violated O.R.C. § 4112.02 when it discharged Costa based on his disability.

82. Defendants violated O.R.C. § 4112.02 when it discharged Costa based on his perceived disability.

83. Defendants violated O.R.C. § 4112.02 by discriminating against Costa based on his disabling condition.

84. Defendants violated O.R.C. § 4112.02 by discriminating against Costa based on his perceived disabling condition.

85. As a direct and proximate result of Defendant's conduct, Costa suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## COUNT II: DISABILITY DISCRIMINATION UNDER THE AMERICANS WITH DISABILITIES ACT

86. Costa restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

87. Costa was disabled within the meaning of the ADA.

88. Defendants knew of Costa's disability.

89. Despite Costa's disability, he was qualified for his position, and was able to successfully perform the essential functions of his job with or without reasonable accommodations.

90. Defendants treated Costa differently than other similarly-situated employees based on his disabling condition.

91. Defendants treated Costa differently than other similarly-situated employees based on his perceived disabling condition.

92. On or about October 5, 2018, Defendant terminated Costa's employment without just cause.

93. Defendants terminated Costa's employment based his disability.

94. Defendants terminated Costa's employment based his perceived disability.

95. Defendants violated the ADA when it discharged Costa based on his disability.

96. Defendants violated the ADA when it discharged Costa based on his perceived disability.

97. Defendants violated the ADA by discriminating against Costa based on his/her disabling condition.

98. Defendants violated the ADA by discriminating against Costa based on his perceived disabling condition.

99. As a direct and proximate result of Defendant's conduct, Costa suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

### COUNT III: FAILURE TO ACCOMODATE UNDER THE AMERICANS WITH DISABILITIES ACT

100. Costa restates each and every prior paragraph of this complaint, as if it were fully restated herein.

101. Costa informed Lowe's of his disabling condition.

102. Costa requested accommodations from Lowe's to assist with his disabilities, including sitting down when his ankles hurt.

103. Costa's requested accommodations were reasonable.

104. Other employees were permitted to have chairs and mats identical to the chair and mat Costa requested in his Chair Accommodation Request.

105. There was an accommodation available that would have been effective and would have not posed an undue hardship to Lowe's.

106. Lowe's failed to engage in the interactive process of determining whether Costa needed an accommodation.

107. Lowe's failed to provide an accommodation.

108. Lowe's violated the ADA.

109. As a direct and proximate result of Defendants' conduct, Costa suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

## COUNT IV: FAILURE TO ACCOMODATE UNDER O.R.C. § 4112.01 *et seq.*

110. Costa restates each and every prior paragraph of this complaint, as if it were fully restated herein.

111. Costa informed Lowe's of his disabling condition.

112. Costa requested accommodations from Lowe's to assist with his disabilities, including sitting down when his ankles hurt.

113. Costa's requested accommodations were reasonable.

114. Other employees were permitted to have chairs and mats identical to the chair and mat Costa requested in his Chair Accommodation Request.

115. There was an accommodation available that would have been effective and would have not posed an undue hardship to Lowe's.

116. Lowe's failed to engage in the interactive process of determining whether Costa needed an accommodation.

117. Lowe's failed to provide an accommodation.

118. Defendants violated O.R.C. § 4112.02 by failing to provide Costa a reasonable accommodation.

119. As a direct and proximate result of Defendants' conduct, Costa suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

## COUNT V: RETALIATORY DISCRIMINATION UNDER O.R.C. § 4112.02

120. Costa restates each and every prior paragraph of this complaint, as if it were fully restated herein.

121. As a result of the Defendants' discriminatory conduct described above, Costa complained about the disability discrimination he was experiencing.

122. Within a month of Costa's reporting to HR about disability discrimination and failure to accommodate his disability, Defendants required Costa to undergo extra Red Vest Training.

123. Within a month of Costa's reporting to HR about disability discrimination and failure to accommodate his disability, McDaniel made a False Report of sexual harassment.

124. Within a month of Costa's reporting to HR about disability discrimination and failure to accommodate his disability, Defendants terminated Costa's employment.

125. Defendant's actions were retaliatory in nature based on Costa 's opposition to the unlawful discriminatory conduct.

126. Pursuant to O.R.C. § 4112.02(I), it is an unlawful discriminatory practice "to discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice defined in this section…"

127. As a direct and proximate result of Defendant's retaliatory discrimination against and termination of Costa, he suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

### COUNT VI: RETALIATORY DISCRIMINATION UNDER THE AMERICANS WITH DISABILITIES ACT

128. Costa restates each and every prior paragraph of this complaint, as if it were fully restated herein.

129. As a result of the Defendants' discriminatory conduct described above, Costa complained about the disability discrimination he was experiencing.

130. Within a month of Costa's reporting to HR about disability discrimination and failure to accommodate his disability, Defendants required Costa to undergo extra Red Vest Training.

131. Within a month of Costa's reporting to HR about disability discrimination and failure to accommodate his disability, McDaniel made a False Report of sexual harassment.

132. Within a month of Costa's reporting to HR about disability discrimination and failure to accommodate his disability, Defendants terminated Costa's employment.

133. Defendant's actions were retaliatory in nature based on Costa 's opposition to the unlawful discriminatory conduct.

134. Pursuant to 42 U.S.C. § 12203, it is an unlawful discriminatory practice to "discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.

135. As a direct and proximate result of Defendant's retaliatory discrimination against and termination of Costa, he suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

**COUNT VII: VIOLATION OF OHIO WHISTLEBLOWER STATUTE O.R.C. § 4113.52.**

136. Costa restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

137. In or about August 2018, Costa reported to Lowe's HR that Defendants were improperly and/or fraudulently discounting items for purchase at Lowe's.

138. Costa reasonably believed that fraud is a felony under Ohio law.

139. Costa verbally complained to Defendants regarding this conduct.

140. On or about August 15, 2018, Costa complained to Defendants in writing regarding this conduct.

141. Costa gave Defendants an opportunity to cure the reported misconduct.

142. On or about September 5, 2018, Defendants retaliated against Costa by denying his Chair Accommodation Request.

143. On or about October 1, 2018, Defendants retaliated against Costa by requiring him to attend extra Red Vest Training.

144. On or about October 2, 2018, McDaniel retaliated against Costa by making a False Report of sexual harassment.

145. On or about October 5, 2018, Defendants retaliated against Costa by terminating his employment based on his complaints regarding this conduct.

146. Defendants' termination of Costa was in violation of O.R.C. § 4113.52.

147. As a direct and proximate result of Defendants' conduct, Costa suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

**DEMAND FOR RELIEF**

WHEREFORE, Costa demands from Defendants the following:

a) Issue a permanent injunction:

   i. Requiring Defendants to abolish discrimination, harassment, and retaliation;

   ii. Requiring allocation of significant funding and trained staff to implement all changes within two years;

   iii. Requiring removal or demotion of all supervisors who have engaged in discrimination, harassment, or retaliation, and failed to meet their legal responsibility to promptly investigate complaints and/or take effective action to stop and deter prohibited personnel practices against employees;

   iv. Creating a process for the prompt investigation of discrimination, harassment, or retaliation complaints; and

   v. Requiring mandatory and effective training for all employees and supervisors on discrimination, harassment, and retaliation issues, investigations, and appropriate corrective actions;

b) An award against Defendants for compensatory and monetary damages to compensate Costa for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

c) An award of punitive damages against Defendants in an amount in excess of $25,000;

d) An award of reasonable attorneys' fees and non-taxable costs for Costa's claims as allowable under law;

e) An award of the taxable costs of this action; and

f) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

/s/ Matthew G. Bruce_____
Matthew G. Bruce (0083769)
    Trial Attorney
Lorenzo Washington (0096611)
Paul Filippelli (0097085)
**THE SPITZ LAW FIRM, LLC**
8354 Princeton Glendale Road, Suite 203
West Chester, OH 45069
Phone: (216) 291-4744 ext. 173
Fax:    (216) 291-5744
Email: Matthew.Bruce@spitzlawfirm.com

*Attorneys for Plaintiff Barry Costa*

## JURY DEMAND

Plaintiff Barry Costa demands a trial by jury by the maximum number of jurors permitted.

/s/ Matthew G. Bruce_____
Matthew G. Bruce (0083769)